# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs in Knoxville December 18, 2013

## STATE OF TENNESSEE v. EDWARD FAYTE WEBSTER, IV

**Direct Appeal from the Circuit Court for Marshall County**
**No. 13-CR-34      Robert G. Crigler, Judge**

---

**No. M2013-01425-CCA-R3-CD - Filed January 28, 2014**

---

The appellant, Edward Fayte Webster, IV, pled guilty in the Marshall County Circuit Court to nine counts of burglary, seven counts of felony vandalism, ten counts of misdemeanor vandalism, and eight counts of misdemeanor theft. Pursuant to the plea agreement, the trial court was to determine the length and manner of service of the sentences. After a sentencing hearing, the appellant received an effective four-year sentence to be served in confinement. On appeal, the appellant contends that the trial court abused its discretion by denying his request for alternative sentencing. Based upon the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, PJ., and ROGER A. PAGE, J., joined.

William J. Harold (on appeal and at trial) and Michael J. Collins (at trial), Lewisburg, Tennessee, for the appellant, Edward Fayte Webster, IV.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; Robert Carter, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## I.  Factual Background

In February 2013, the Marshall County Grand Jury indicted the appellant for nine counts of burglary, a Class D felony; seven counts of vandalism causing damage of $1,000

or more but less than $10,000, a Class D felony; ten counts of vandalism causing damage of $500 or less, a Class A misdemeanor; and eight counts of theft of property valued $500 or less, a Class A misdemeanor. In March 2013, the appellant entered an open plea with the length and manner of service of the sentences to be determined by the trial court after a sentencing hearing. At the guilty plea hearing, the State advised the court that the charges resulted from the appellant's burglarizing several businesses in August, September, October, and November 2012 and causing property damage to the businesses. During some of the burglaries, the appellant broke into vending machines inside the businesses, damaged the machines, and took money out of them.

At the sentencing hearing, the State introduced the appellant's presentence report into evidence. According to the report, the then nineteen-year-old appellant was married with a one-year-old daughter. The appellant claimed in the report that he graduated from Marshall County High School. However, when the investigating officer tried to verify the claim, she received a letter from the high school stating that the appellant did not graduate, that the school did not have a "dropped file on him," and that the appellant may have attended another high school. In the presentence report, the appellant described his mental health as "excellent" and his physical health as "good." He stated that he used alcohol from ages thirteen to seventeen and used to consume alcohol "a lot." He stated that he had never used prescription or illegal drugs. The appellant also stated in the report that he currently was unemployed but worked for Kantus as a technician from March to December 2012, Walker Diecast in production from November 2011 to March 2012, Quality Auto Sales as a mechanic from December 2010 to June 2012, and Roger Saw Mill as a topper from 2006 to August 2008. The report shows that in 2012, when the appellant was eighteen years old, he was fined for two undisclosed offenses; sentenced to eleven months, twenty-nine days on probation for domestic violence; and received a thirty-day suspended sentence for driving without a license in his possession.

The presentence report also shows that in 2003, the appellant was charged with theft under $500 and received juvenile pretrial diversion. However, his diversion was revoked when he failed to complete any conditions proposed by the juvenile court judge. In 2007, the appellant was adjudicated delinquent for possessing a weapon on school property and sentenced to probation. In 2008 and 2009, he was adjudicated delinquent for numerous charges involving burglary, misdemeanor theft, felony theft, misdemeanor vandalism, felony vandalism, criminal trespass, and domestic assault. For the 2008 offenses, he received probation; for the 2009 offenses, he was taken into custody by the Department of Children's Services. The report shows that the appellant violated an "aftercare" program in February 2011. During the sentencing hearing, the appellant gave a statement in his own behalf, advising the court that he was sorry for all of the charges in this case and that he did not "mean to hurt or deprive anybody from anything."

The trial court noted that "there's a huge number of convictions in this case" and that the crimes occurred over a period of time. The trial court applied enhancement factor (1), that "[t]he defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range," due to the appellant's prior convictions as an adult. Tenn. Code Ann. § 40-35-114(1). The trial court also applied enhancement factor (8), that the appellant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community, because he previously violated the aftercare program, and factor (13)(C), that the appellant, at the time the felony was committed, was on probation for domestic violence when he committed the current offenses. See Tenn. Code Ann. § 40-35-114(8), (13)(C). Finally, the trial court applied enhancement factor (16), that the defendant had been "adjudicated to have committed a delinquent act or acts as a juvenile that would constitute a felony if committed by an adult." Tenn. Code Ann. § 40-35-114(16).

In mitigation, the trial court applied factors (1), that the defendant's criminal conduct neither caused nor threatened serious bodily injury, and (13) for the appellant's "open plea." See Tenn. Code Ann. § 40-35-113 (1), (13). The trial court, referring to the appellant's claim that he was a high school graduate, found that he was untruthful in the presentence report.

The trial court sentenced the appellant as a Range I, standard offender to four years for the Class D felony convictions and eleven months, twenty-nine days for the Class A misdemeanor convictions. The trial court denied the appellant's request for alternative sentencing, stating that

> it does appear that confinement is needed to protect society by restraining. The defendant has a long history of criminal conduct. They're not atrocious crimes, so seriousness would not apply, but the defendant is a frequent flyer in the juvenile system, and it appears that has not succeed[ed] at all in deterring him from, from committing all of these crimes.

The trial court stated that it was "tempted" to run some of the sentences consecutively but ordered that the appellant serve the sentences concurrently "although it galls me to do so."

## II. Analysis

The appellant contends that the trial court erred by denying his request for alternative sentencing because the crimes were not violent and because his prior conviction for domestic assault "does not indicate a pattern of committing violent offenses." The appellant contends that the more appropriate sentence in this case was community corrections. The State argues

that the trial court did not abuse its discretion by denying the appellant's request for alternative sentencing. We agree with the State.

In sentencing a defendant, the trial court shall consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). Previously, appellate review of the length, range, or manner of service of a sentence was de novo with a presumption of correctness. See Tenn. Code Ann. § 40-35-401(d). However, our supreme court has announced that "sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" State v. Bise, 380 S.W.3d 682, 708 (Tenn. 2012). Moreover, the court has specifically held that the abuse of discretion standard, with a presumption of reasonableness, applies to a review of a denial of alternative sentencing. State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012). The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.

An appellant is eligible for alternative sentencing if the sentence actually imposed is ten years or less. See Tenn. Code Ann. § 40-35-303(a). The appellant's sentences meet this requirement. Moreover, an appellant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony should be considered a favorable candidate for alternative sentencing absent evidence to the contrary. See Tenn. Code Ann. § 40-35-102(6). Tennessee Code Annotated section 40-35-103(1) sets forth the following sentencing considerations which are utilized in determining the appropriateness of alternative sentencing:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

See also State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). Additionally, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Tenn. Code Ann. § 40-35-103(5). A defendant with a long history of criminal conduct and "evincing failure of past efforts at rehabilitation" is presumed unsuitable for alternative sentencing. Tenn. Code Ann. § 40-35-102(5).

The trial court's comments demonstrate that it denied alternative sentencing by finding that confinement was necessary to protect society by restraining the appellant who had a long history of criminal conduct, because measures less restrictive than confinement had frequently or recently been applied unsuccessfully to the appellant, and because the appellant lacked potential for rehabilitation. Given that the nineteen-year-old appellant has continued to commit burglaries, thefts, and vandalisms despite having received previous alternative sentences as a juvenile for those same offenses, the trial court did not abuse its discretion by ordering that he serve his effective four-year sentence in the Department of Correction.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE